UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VERSAH, LLC**, and **HUWAIS IP HOLDING LLC**,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**UL AMIN INDUSTRIES**, and **HAMMAD ASHIQ**,<br><br>　　　　Defendant. | 2:20-cv-12657-TGB-RSW<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING MOTION TO UNFREEZE PAYPAL ACCOUNT (ECF NO. 21)** |

　　　　Plaintiffs Versah, LLC and Huwais IP Holding LLC, the owner of the trademarks and exclusive license of Densah® Bur Kits, medical devices used to prepare teeth for surgical intervention, brought an action against Defendants UL Amin Industries and Hammad Ashiq, whom they allege are engaged in manufacturing, distributing, or selling counterfeit Densah® Bur Kits. *See* ECF No. 1, PageID.13. On December 9, 2020, this Court granted Plaintiffs' motion for preliminary injunction, which prevented Defendants from using Plaintiffs' name, trademarks, or copyrights, and froze any PayPal accounts connected to Defendants and accounts associated with the sale of bur kits. ECF No. 18.

　　　　Now before the Court is Defendants' pro se motion to unfreeze the PayPal account connected to hammadashiq@hotmail.com, which this Court construes as a motion for reconsideration. For the reasons

1

discussed below, Defendants' motion to unfreeze the PayPal account will be **DENIED**.

## I. BACKGROUND

On September 29, 2020, Plaintiff filed a complaint against UL Amin Industries and Hammad Ashiq alleging that Defendants manufactured, distributed, or sold counterfeit Densah® Bur Kits, which are medical devices used during oral surgery to prepare bone for the insertion of dental implants. ECF No. 1. In addition to the complaint, Plaintiffs also filed an *ex parte* motion for a temporary restraining order, preliminary injunction, and additional relief. ECF No. 4. This Court held a hearing and ultimately denied Plaintiff's *ex parte* motion for a temporary restraining order, but granted service by alternative means. ECF No. 10. The Court also ordered for the case to be unsealed and for both parties to appear for a hearing on the motion for preliminary injunction following completion of service of process. While Defendants were served on October 23, 2020, and were provided notice of the date and time of the preliminary injunction hearing, they did not file any opposition to the motion nor did they attend the hearing—which, like the earlier one the Court held, was conducted using the Internet platform Zoom due to the international pandemic. Attendance in person for the Pakistan-based Defendants was not required. Throughout the pendency of this case, Defendants have also failed to retain counsel to represent them in court. Nonetheless, evidence was presented during the hearing that Defendants

had received service, were aware of the proceeding, but nevertheless chose not to attend. The Court granted Plaintiffs' motion for preliminary injunction and additional relief, which prohibited Defendants from using Plaintiffs' name, trademarks, or copyrights, and froze any PayPal accounts connected to Defendants and accounts associated with the sale of the allegedly counterfeit bur kits. ECF No. 18.

Currently before the Court is Defendants' pro se motion requesting the Court to unfreeze the PayPal account associated with hammadashiq@hotmail.com (ECF No. 21). Defendants provide a variety of arguments in support of their motion. At the outset Defendants note that before the Court's order granting a preliminary injunction, UL Amin unpublished the domain where it had been advertising the product at issue and removed the PayPal account connected to Hammad Ashiq from its website. ECF No. 21, PageID.540. Defendants argue the preliminary injunction is too broad and is causing substantial harm to Defendants' business because UL Amin utilizes the hammadashiq@hotmail.com PayPal account for a majority of its business transactions. Defendants assert that Hammad Ashiq had been employed by UL Amin since 2013, but that he "resigned in the past month due to his family issues and shifted back to his country but hopefully will join us again in a few months." ECF No. 21, PageID.543. While Defendant Ashiq is not currently employed by UL Amin, Defendants assert they still need access to the account in his name, the hammadashiq@hotmail.com PayPal

3

account, because PayPal does not offer services in Pakistan and the account is still connected to UL Amin's eBay account. ECF No. 21, PageID.543. Without specifying which ones they are, Defendants assert that products other than bur kits are sold through the eBay account. With the account frozen, UL Amin alleges that it is unable to complete transactions unrelated to the product at issue in this case, which is causing Defendants financial harm. Finally, Defendants argue that freezing of the account is unnecessary to ensure equitable accounting because Defendants can provide "the complete transaction history related to the sale of burs kit" to the Court. ECF No. 21, PageID.541, 544.

## II. ANALYSIS

Defendants pro se motion is captioned "Motion for Unfreezing PayPal Account," but the Court will construe it as a motion for reconsideration because a final order on the preliminary injunction has already been entered.

According to Defendants, the corporate defendant UL Amin Industries had been utilizing the PayPal account of Defendant Hammad Ashiq, hammadashiq@hotmail.com, for most of its international business transactions, most notably for its business conducted on eBay. ECF No. 21, PageID.540. Defendants contend that the Court's order has impacted sales for products that are not at issue in this case because their eBay account is still connected to Defendant Ashiq's PayPal, despite the fact he has resigned. Defendants claim they are unable to create another

4

PayPal account because PayPal does not offer services in Pakistan. ECF No. 21, PageID.543. Defendants note that they are "bearing an average direct loss of $500.00 on a daily basis" due to the preliminary injunction. ECF No. 21, PageID.540.

Defendants assert that they are in full cooperation with the preliminary injunction's requirement that they stop the production and sales of the product at issue and will continue to comply until the case is resolved. Additionally, Defendants have offered to provide the complete transaction history related to the sale of bur kits and "any documentation, payment records or transactions related to the product in the complaint." ECF No. 21, PageID.540, 544. Plaintiffs have raised several objections to Defendants' motion. Each will be addressed in turn.

### a. Improper Motion for Reconsideration

The central argument in Defendants' motion is that the financial harm caused by the preliminary injunction affects not only the bur kits at issue in this complaint, but also impacts business transactions unrelated to the product in the complaint. Specifically, the PayPal account of Defendant Hammad Ashiq is connected to Defendant UL Amin's eBay account, which Defendants contend accounts for a large amount of their online sales. ECF No. 21, PageID.543. Even after Defendant Ashiq left the company, Defendants continued to utilize his account because, say Defendants, "PayPal does not offer services in Pakistan." *Id*.

5

Plaintiffs contend that Defendants' motion for reconsideration is improper and the Court need not reach the merits to determine whether denial is appropriate. According to Plaintiffs, Defendants were given multiple opportunities to defend themselves and it is well-settled law that parties cannot use a motion for reconsideration to raise new arguments or evidence that could have been presented earlier. Because a motion for reconsideration is not an appropriate vehicle for raising new arguments or evidence, and "motions for reconsideration do not permit 'the losing party to attempt to supplement the record with previously available evidence' or 'raise new legal theories that should have been raised earlier,'" Plaintiffs contend Defendants' motion should be denied. *Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 18, 2010).

Under Rule 7.1(h) of the Local Rules, a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the Court and the parties" have been misled, and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F.Supp.2d 661, 668 (E.D. Mich. 2001). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id*.

Defendants' motion for reconsideration is improper because it raises arguments and evidence that could have been considered in an earlier proceeding. In this district, other courts have determined that "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Public Schools*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003). *See also Executive Ambulatory Surgical Center, LLC v. State Farm Mutual Automobile Insurance Co.*, __F.Supp.3d__, No. 18-cv-14094, 2020 WL 5868383, at *1 (E.D. Mich. Oct. 2, 2020); *McDermott v. Randall S. Miller and Associates, P.C.*, 835 F.Supp.2d 362, 374 (E.D. Mich. 2011); *Oswald v. BAE Industries, Inc.*, No. 10-CV-12660-DT, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) ("A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion."). While Defendants make several arguments in support of their motion for reconsideration, none of the arguments demonstrate a palpable defect by which the Court and the parties have been misled. Defendants' are not entitled to use a motion for reconsideration to offer evidence or argument for the first time when they could have done so earlier but failed to obtain counsel, respond to any motion practice, or attend the hearing. While the Court recognizes that it can be difficult for a party located outside the United States to retain counsel and defend a lawsuit arising in another country, the defendants

here were operating a manufacturing facility and selling products using eBay and PayPal. It is clear that this is a sophisticated party who knows how to use the Internet and could have found an attorney online or at least appeared for a hearing conducted using Zoom. Under such circumstances, the Court will not disregard the local rules and case law that prohibit a party from raising arguments and evidence that should have been raised earlier. Accordingly, Defendants' motion for reconsideration is denied.

### b. Pro Se Representation

There is another reason, however, that compels the denial of Defendants' motion for reconsideration. Defendant Ashiq, an individual who is not a licensed attorney, is not permitted to represent a corporation like Defendant UL Amin Industries or to make arguments on its behalf to the court. Although individuals may represent *themselves* in federal court, an individual unskilled in law is not allowed to appear on behalf of a corporation. *Doherty v. American Motors Corp.*, 728 F.d 334, 340 (6th Cir. 1984). "The Sixth Circuit has held that a corporation must appear by counsel or not at all." *Bischoff v. Waldorf*, 660 F.Supp.2d 815, 820 (E.D. Mich. 2009) (referencing *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970)).

Despite the fact that Defendant Ashiq signed the brief, all of the arguments contained in the motion relate to UL Amin Industries' business interests. Defendant UL Amin may not be permitted to

8

circumvent the Sixth Circuit's requirement that a corporation must be represented by counsel by having Defendant Ashiq, an individual, present arguments *pro se* on the corporation's behalf. *See Bischoff*, 660 F.Supp.2d at 821.

Defendants assert that they have been "continuously attempting to find a lawyer to defend the case since the complaint was filed," but have been unable to do so due to their location in Pakistan. ECF No. 24, PageID.569. Defendants further claim that they provided an official written letter to Plaintiffs' lawyer to submit to the Court, but they never "submitted the particular document in the court nor replied to [the] email." *Id*. Again, while the Court recognizes Defendants' difficulties in obtaining counsel, these issues do not permit circumvention of the requirement that a corporation such as UL Amin Industries must be represented by counsel. Additionally, Plaintiffs are not required to submit Defendants' filings to the Court.

Because a corporation must be represented by counsel in federal court, Defendants' motion is improper and will be denied.

### c. Merits of Defendants' Arguments

Finally, even in the absence of the procedural barriers that defeat this motion, it is without merit. Defendants' central claim is that the preliminary injunction is causing substantial harm to Defendants' business because Defendants are highly dependent on the hammadashiq@hotmail.com PayPal account for business transactions

9

*unrelated* to the bur kits at issue in this case. As support for this claim, Defendants provide a bar graph of "eBay sales"[1] from before and after the Court's order, that Defendants claim shows a direct loss of $500 on a daily basis. ECF No. 21, PageID.541.

Plaintiffs contend that Defendants have not established substantial harm sufficient to succeed on the merits. While Defendants allege harm as a result of freezing the PayPal account connected to hammadashiq@hotmail.com, Plaintiffs allege that UL Amin "began using a different PayPal account to sell the infringing products after Ashiq allegedly resigned from Ul Amin." ECF No. 22, PageID.556. Plaintiffs submit evidence that after Defendant Ashiq allegedly resigned from UL Amin, Defendants began selling the allegedly counterfeit products using a PayPal account connected to a different email account: namjae1955@gmail.com. *See* ECF No. 22-1, PageID.562. Accordingly, Plaintiffs argue that the freezing of the hammadashiq@hotmail.com PayPal account does not prevent Defendants from operating on PayPal and therefore does not cause them undue harm.

Defendants dispute that the PayPal account linked to the email namjae1955@gmail.com permits them to continue operating on PayPal. They say that before the Court's order for preliminary injunction "a customer contacted UL AMIN through the website

---

[1] Defendants do not specify, in the briefing or sales chart, what specific products they are selling through this eBay account.

www.theosseodensificationburs.com for ordering the burs kit, the payment was made to a third party PayPal account which does not belong to UL AMIN or Hammad Ashiq." ECF No. 24, PageID.571. Once again in reply, Defendants contend that the limitation on the hammadashiq@hotmail.com PayPal account is drastically impacting Defendants' sales on eBay. ECF No. 24, PageID.571.

In deciding a preliminary injunction, the Court must weigh four factors including whether the injunction would cause substantial harm to others. *Graveline v. Johnson*, 747 F. App'x 408, 412 (6th Cir. 2018) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818–19 (6th Cir. 2012)). These elements are "factors to be *balanced*, not prerequisites to be met." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citations omitted) (emphasis added).

The Court previously weighed the potential harm to Defendants if the preliminary injunction was granted, but on balance determined that the hardship tilted in favor of the Plaintiffs. ECF No. 18, PageID.387. The new evidence of Defendants' sales losses does not alter the Court's evaluation. First, while the graph demonstrating the impact of the Court order on Defendants' eBay sales does show an average overall decline in sales, it also reveals that Defendants nevertheless conducted thousands of dollars in business after the preliminary injunction. ECF No. 24, PageID.580. Defendants fail to explain why they specifically need Defendant Ashiq's account when they have continued to make eBay sales

11

online. ECF No. 24, PageID.580. It is also not clear from the graph, and Defendants do not specify, what specific products account for the sales losses. This is critical because sales losses from bur kits are not a harm since Defendants are enjoined from currently selling them, but without more information we are unable to evaluate whether the losses are from the prohibition on selling bur kits or from other products that are not at issue. It is also confusing, if not suspicious, that Defendants are insisting that Defendant *Ashiq's* account be unfrozen for the purposes of conducting *UL Amin's* business even though it has been represented that Defendant Ashiq is no longer an employee of UL Amin. Additionally, it is unclear from the record before the Court why Defendants require the specific PayPal account connected to hammadashiq@hotmail.com, or any PayPal account at all, to pay their outstanding eBay account seller fees.

The Court also notes that PayPal acts not only as a service to transfer payments, but also as a repository of funds, because the account itself can hold assets. *See* What is PayPal and How Does it Work?, https://perma.cc/D2BZ-4FEQ. The Court's order for the PayPal account to be frozen is not merely to enjoin Defendants from selling bur kits, but to also prohibit Defendants from moving, transferring, or hiding any assets currently being held in the account which may have been earned from sales of the alleged counterfeit products. The rationale behind the need to freeze the status quo was well stated in Defendants' own filing, which acknowledged that counterfeiters in this industry "will disappear

12

one day and will come up with a new name [the] 2nd day." ECF No. 24, PageID.582.

Finally, while Defendants say they do not have a second PayPal account connected to namjae1955@gmail.com which was used in a December 2, 2020 online transaction, their explanation is less than convincing. Defendants claim that prior to this Court's order "a customer contacted UL AMIN through the website www.theosseodensificationburs.com for ordering the burs kit, the payment was made to a third-party PayPal account *which does not belong to UL AMIN or Hammad Ashiq.*" ECF No. 24, PageID.570 (emphasis added). It is not at all clear how or why a purchase made through UL Amin's website would cause payment to be made to a third-party PayPal account *unconnected* to UL Amin Industries when Defendant admitted that the sale "was the last sale UL AMIN made for the Burs Kit." *Id.* Again, while the Court need not reach the merits of this motion for several reasons, an examination of those merits demonstrates that Defendants' have failed to show a palpable defect in the Court's order and their motion for reconsideration must be denied.

## CONCLUSION

It is hereby **ORDERED** that Defendants' motion to unfreeze the PayPal account of hammadashiq@hotmail.com (ECF No. 21) is **DENIED**.

Defendants have also requested that the Court appoint *pro bono* counsel for Defendant UL Amin. ECF No. 24, PageID.570. But *pro bono*

13

legal services are for those who are indigent, and there is no evidence that Defendant UL Amin is unable to afford to retain an attorney. Defendant UL Amin Industries manages a manufacturing enterprise with international sales conducted using the Internet. Nothing prevents it from going online and contacting a qualified attorney licensed to practice before this Court who will ably represent its interests in this important matter. If Defendant UL Amin does not wish to defend against this lawsuit, it runs the risk that a default judgment may be entered against it. The motion to appoint pro bono counsel is **DENIED**.

It is **FURTHER ORDERED** that further proceedings in this case are **STAYED** for a period of 30 days to allow Defendant UL Amin to retain counsel. At the expiration of that time period, if no attorney has entered an appearance on behalf of UL Amin, Plaintiffs may proceed with the process of seeking a default judgment against Defendant UL Amin.

**SO ORDERED**.

Dated: February 10, 2021

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE